IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

| | | |
|---|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | ) ) ) | |
| Plaintiff, | ) ) | CIVIL ACTION NO. |
| v. | ) ) | COMPLAINT |
| FOURTEEN FOODS, LLC d/b/a DAIRY QUEEN BRAZIER | ) ) ) ) | JURY TRIAL DEMANDED |
| Defendant | ) | |

## NATURE OF THE ACTION

This is an action under Title I of the Americans with Disabilities Act of 1990 and Title I of the Civil Rights Act of 1991 to correct unlawful employment practices on the basis of disability and to provide appropriate relief to Robin King (King), who was adversely affected by such practices. As alleged with greater particularity in paragraphs 14(a)-(kk) below, Plaintiff Equal Employment Opportunity Commission alleges the Defendant, Fourteen Foods, LLC d/b/a Dairy Queen Brazier (Defendant Employer) failed to provide a reasonable accommodation to King and failed to hire King, a qualified individual with a disability, because of his hearing impairment. Defendant Employer also violated the recordkeeping provisions of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e-8(c) and 29 C.F.R. §1602.14.

## JURISDICTION AND VENUE

1.  Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345. This action is authorized and instituted pursuant to Section 107(a) of the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. § 12117(a), which incorporates by reference Section 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. §

2000e-5(f)(1) and (3) and pursuant to Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

2. The employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the Western District of Tennessee, Eastern Division.

## PARTIES

3. Plaintiff, the Equal Employment Opportunity Commission (the "Commission"), is the agency of the United States of America charged with the administration, interpretation and enforcement of the Americans with Disabilities Act Amendment Act (ADAAA), 42 U.S.C. §12102 and is expressly authorized to bring this action by Section 107(a) of the ADA, 42 U.S.C. § 12117(a), which incorporates by reference Sections 706(f)(1) and (3) of Title VII, 42 U.S.C. § 2000e-5(f)(1).

4. At all relevant times, Defendant Employer, a limited liability Minnesota company, licensed to do business in the state of Tennessee, has continuously been doing business in the State of Tennessee and the City of Savanah, and has continuously had at least 15 employees.

5. At all relevant times, Defendant Employer has continuously been an employer engaged in an industry affecting commerce under Section 101(5) of the ADA, 42 U.S.C.§ 12111(5), and Section 101(7) of the ADA, 42 U.S.C. § 12111(7), which incorporates by reference Sections 701(g) and (h) of Title VII, 42 U.S.C. §§ 2000e(g) and (h).

6. At all relevant times, Defendant Employer has been a covered entity under Section 101(2) of the ADA, 42 U.S.C. § 12111(2).

## ADMINISTRATIVE PROCEDURES

7. More than thirty days prior to the institution of this lawsuit, Robin King filed a charge with the Commission alleging violations of the Americans with Disabilities Act Amendments Act (ADAAA) by Defendant Employer.

8. On June 11, 2019, the Commission issued to Defendant a Letter of Determination finding reasonable cause to believe that Title I of the ADA was violated and inviting Defendant to join with the Commission in informal methods of conciliation to endeavor to eliminate the discriminatory practices and provide appropriate relief.

9. The Commission engaged in communications with Defendant to provide Defendant the opportunity to remedy the discriminatory practices described in the Letter of Determination.

10. The Commission was unable to secure from Defendant a conciliation agreement acceptable to the Commission.

11. On September 18, 2019, the Commission issued to Defendant a Notice of Failure of Conciliation.

12. All conditions precedent to the institution of this lawsuit have been fulfilled.

## STATEMENT OF CLAIMS
## DENIAL OF REASONABLE ACCOMMODATION AND FAILURE TO HIRE

13. Since on or about June 1, 2015, Defendant Employer engaged in unlawful employment practices at its Savanah, Tennessee restaurant location, in violation of Section 102 of Title I of the ADA, 42 U.S.C. 12112(a).

14. The unlawful employment practices include denying a reasonable accommodation to Robin King and failing to hire King because of his disability:

(a) King has a physical impairment, he is hearing impaired.

  (b)  King wears a cochlear implant processor that assists him in hearing.

  (c)  Without the cochlear implant, King cannot hear.

  (d)  King is substantially limited in the major life activity of hearing.

  (e)  Since on or about March 2013, King worked as a cleaner/kitchen assistant for Dairy Queen in Savannah, Tennessee.

  (f)  The Dairy Queen business was sold to Defendant Employer on or around June 2015.

  (g)  Defendant Employer invited the predecessor's employees to apply for positions.

  (h)  King applied for a crew member position with Defendant Employer on or about June 1, 2015.

  (i)  Kelly Sharping ("Sharping"), Defendant Employer's Human Resources/Personnel professional, interviewed King for the position.

  (j)  Sharping told King, during the interview, that he would have to wear a hat or a visor if selected for a position.

  (k)  King told Sharping he was hearing impaired and could not wear a hat or visor as it would interfere with his cochlear implant processor.

  (l)  King requested a reasonable accommodation, exempt him from Defendant Employer's requirement of wearing a hat or visor because King wears a cochlear implant processor.

  (m)  Sharping referred King to Mike Welch (Welch), Defendant Employer's Operations Supervisor.

  (n)  Welch told King the "law" said he had to wear a hat or visor to work for Defendant Employer.

(o) King told Welch he was hearing impaired and could not wear a hat or visor because of his cochlear implant processor.

(p) Again, King requested a reasonable accommodation from Welch, exempt him from the requirement of wearing a hat or visor because King wears a cochlear implant processor.

(q) Welch told King to obtain a statement from King's doctor which showed his need for an accommodation.

(r) Welch also told King to obtain a statement from the Health Department which showed the exemption.

(s) King agreed to provide the information.

(t) Defendant Employer destroyed King's employment application after this meeting.

(u) On June 2, 2015, King obtained a statement from his doctor which showed his need for a reasonable accommodation.

(v) King also told Welch he had talked to the health department and was told the "law" Welch referred to was not yet in effect.

(w) King told Welch the Health Department representative said King would qualify for an exemption because of his disability.

(x) Welch told King to get a written statement from the Health Department confirming Defendant Employer did not have to comply with the "law" as it relates to the hat or visor requirement.

(y) King agreed to return to the Health Department to attempt to get the statement.

(z) The Health Department Representative could not give King an exemption statement but agreed to talk to Welch.

(aa) On June 3, 2015, King returned to Defendant Employer's restaurant location and gave Welch the note from King's doctor.

(bb) King also told Welch that the Health Department represenative told King he did not have to wear a hat or visor due to his hearing impairment.

(cc) Welch told King to obtain a written statement from the Health Department stating he did not have to wear the hat or visor due to his hearing impairment.

(dd) King asked Welch to call the Health Department to obtain the statement because the Health Department representive would not give King a written statement.

(ee) Welch refused to call the Health Department and engage in the interactive process.

(ff) Welch told King he was not going to call the Health Department because he was not going to do any of King's "leg work."

(gg) King left the establishment upset.

(hh) Defendant Employer did not hire King.

(ii) Defendant Employer continued to interview and hire applicants after it denied King a position.

(jj) Defendant Employer hired all of the other applicants who applied for jobs on the same date that King applied.

(kk) Defendant Employer had vacant positions for which King was qualified and could perform with or without an accommodation.

15. The effect of the practices complained of in paragraphs 14(a)-(kk) above has been to deprive King of equal employment opportunities and otherwise adversely affect his status as an employee, because of his disability.

16. The unlawful employment practices complained of in paragraphs 14(a)-(kk) above were intentional.

17. The unlawful employment practices complained of in paragraphs 14(a)-(kk) above were done with malice or with reckless indifference to the federally protected rights of King.

## STATEMENT OF FAILURE TO PRESERVE RECORDS CLAIM

18. Since at least June 2015, Defendant Employer violated Section 709(c) of Title VII, 42 U.S.C. § 2000e-8(c) by failing to make and preserve records required by the Commission necessary to the Commission's administration of the ADA.

(a) The Commission requested Defendant Employer provide the total number of applications received for the crew member position during the relevant time period.

(b) Defendant Employer admitted it did not have King's application.

(c) Defendant Employer destroyed King's application.

(d) Defendant Employer's failure to preserve King's application violates 29 C.F.R. § 1602.14 which requires employers retain applications for one year and 42 U.S.C. §2000e-8(c).

## PRAYER FOR RELIEF

Wherefore, the Commission respectfully requests that this Court:

A. Grant a permanent injunction enjoining Defendant Employer, its officers, agents, servants, employees, attorneys, and all persons in active concert or participation with it, from discriminating against any employee on account of his or her disability.

B. Grant a permanent injunction enjoining Defendant Employer, its officers, agents, servants, employees, attorneys, and all persons in active concert or participation with it, from denying a reasonable accommodation and refusing to hire a qualified individual with a disability.

C. Order Defendant Employer to institute and carry out policies, practices, and programs which provide equal employment opportunities for qualified individuals with disabilities or persons requesting reasonable accommodations and seeking employment, and which eradicate the effects of its past and present unlawful employment practices.

D. Order Defendant Employer to make whole Robin King, by providing appropriate backpay with prejudgment interest, in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of its unlawful employment practices.

E. Order Defendant Employer to make whole Robin King by providing compensation for past and future pecuniary losses resulting from the unlawful employment practices described in paragraphs 14(a)-(kk) above, including insurance premiums not paid by Defendant Employer, in amounts to be determined at trial.

F. Order Defendant Employer to make whole Robin King by providing compensation for past and future nonpecuniary losses resulting from the unlawful practices complained of in paragraphs 14(a)-(kk) above, including emotional pain, suffering, inconvenience, loss of enjoyment of life, and humiliation, in amounts to be determined at trial.

G. Order Defendant Employer to pay Robin King punitive damages for its malicious and reckless conduct, as described in paragraphs 14(a)-(kk) above, in amounts to be determined at trial.

H. Grant such further relief as the Court deems necessary and proper in the public interest.

I. Award the Commission its costs of this action.

## JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by its Complaint.

Respectfully submitted,

SHARON FAST GUSTAFSON
General Counsel

JAMES LEE
Deputy General Counsel

s/ Faye A. Williams
FAYE A. WILLIAMS
Regional Attorney
TN Bar No. 11730

/s/ Roslyn N. Griffin
ROSLYN N. GRIFFIN
Trial Attorney
MS Bar No. 103317
roslyn.griffin@eeoc.gov

EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION
1407 Union Avenue, Suite 900
Memphis, TN 38104
Telephone (901) 544-0099